**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION**<br>**THIS DOCUMENT RELATES TO:**<br>***Debra Westerfield v. Ethicon, Inc., et al.***<br>**Case No. 2:14-cv-09748** | **Master File No. 2:12-MD-02327**<br>**MDL No. 2327**<br>**JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE CERTAIN CASE-SPECIFIC OPINIONS OF DANIEL ELLIOTT, M.D.**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") submit this brief in support of their motion to limit the case-specific opinions of Plaintiff's expert, Daniel Elliott, M.D., in this case. Specifically, the Court should preclude Dr. Elliott from speculating about Ms. Westerfield's informed consent process.

**ARGUMENT**

Ethicon incorporates by reference the standard of review for *Daubert* motions as articulated by the Court in *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 701 (S.D.W. Va. 2014).

**I. The Court should exclude Dr. Elliott's speculative opinions about informed consent.**

Dr. Elliott claims that "Mrs. Westerfield was not able to make a fully informed medical decision" and that "Mrs. Westerfield's implanting surgeon was not able to provide the necessary and required information to Mrs. Westerfield for an informed consent because Ethicon failed to fully reveal" information about the Prolene Soft's risks in the device's Instructions for Use ("IFU"). Ex. A, Expert Rpt. at 65. The Court should exclude these opinions, because they are unreliable and irrelevant.

As an initial matter, there is no lack of informed consent claim in this case, and Dr. Elliott does not make reference to any informed consent standard in his report. As the court in the *Diet Drugs* products liability litigation aptly observed:

> [T]o the extent that the doctrine of informed consent may be pertinent, it is measured by a legal standard. This standard varies among the numerous jurisdictions whose substantive law governs the individual cases in this MDL No. 1203. Dr. La Puma does not have the knowledge or expertise concerning the legal standard of informed consent as defined by each of these particular jurisdictions.

*In re Diet Drugs*, 2001 WL 454586, at *9 (E.D. Pa. Feb. 1, 2001); *see also Tyler v. Sterling Drug Co.*, 19 F. Supp. 2d 1239, 1245 (N.D. Okla. 1998) (finding plaintiffs had not shown "any general acceptance in the scientific or medical community that general concepts of informed consent equate to specific industry standards for warning labels").

In any event, there is no reliable basis for Dr. Elliott to speculate what Ms. Westerfield's implanter, Dr. Shlomo Raz, or any other clinician knew about the risks of Prolene Soft. Dr. Elliott has no particular insight or expertise into Dr. Raz's specific knowledge or state of mind that would enable him to assist the trier of fact.

The Court has consistently precluded specific causation pelvic surgeon experts from offering these same opinions. *See, e.g., Nall v. C.R. Bard, Inc.*, No. 2:13-CV-01526, 2018 WL 524632, at *2 (S.D.W. Va. Jan. 23, 2018) ("The defendant's Motion is **GRANTED** to the extent it seeks to exclude evidence regarding plaintiff's and her implanting physician's state of mind"); *Martin v. Ethicon, Inc.*, No. 2:12-CV-01495, 2017 WL 6348627, at *2 (S.D.W. Va. Dec. 12, 2017) ("Ethicon's Motion is **GRANTED** to the extent they seek to exclude evidence regarding the implanting surgeon's state of mind"); *Free v. Ethicon, Inc.*, No. 2:12-cv-00423, 2017 WL 660017, at *3 (S.D.W. Va. Feb. 14, 2017) (excluding state-of-mind opinions and explaining that, "[t]o the extent that testimony seeks to attribute a state of mind to the implanting surgeon, I agree with Ethicon. Experts may not testify as to what other individuals did or did not know"); *Guinn*

*v. Ethicon, Inc.*, No. 2:12-cv-1121, Doc. 119 at 5 (S.D.W. Va. Feb. 3, 2017) ("Ethicon's Motion is **GRANTED** to the extent it seeks to exclude Dr. Rosenzweig's opinion as to the implanting surgeon's knowledge").

Indeed, very recently in the Taxotere MDL, the court similarly precluded a plaintiff's expert from speculating about how a reasonable physician would have navigated the informed consent process given that the plaintiff's actual treating physician was available to testify. *In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, 2019 WL 3554211, at *2 (E.D. La. Aug. 5, 2019).

Because there is no reliable foundation for Dr. Elliott's opinions and this is an issue beyond his expertise and that calls for speculation, Dr. Elliott's informed consent opinions should be excluded.

**CONCLUSION**

For these reasons, the Court should limit Dr. Elliott's opinions consistent with the foregoing.

Respectfully submitted,

*/s/ William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

*/s/ Susan M. Robinson*
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824

Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

*Counsel for Defendants Ethicon, Inc. and Johnson & Johnson*

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ William M. Gage*
William M. Gage

50338215.v1